UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-2(c)**

46855
Morton & Craig LLC
William E. Craig, Esquire
110 Marter Ave., Suite 301
Moorestown, NJ 08057
Attorney for Credit Acceptance Corporation

In Re:

KENNY E. WELCH, SR.

Order Filed on August 31, 2018
by Clerk
U.S. Bankruptcy Court
District of New Jersey

Case No. 18-19727

Judge: (ABA)

# ORDER FOR SECURED AMOUNT TO BE PAID THROUGH DEBTOR'S CHAPTER 13 PLAN AND ADEQUATE PROTECTION PAYMENTS

The relief set forth on page number two (2) is hereby **ORDERED**.

**DATED: August 31, 2018**

Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

**(Page 2)**
Debtor: Kenny E. Welch, Sr.
Case No: 18-19727
Caption of Order: Order for secured amount to be paid through Debtor's chapter 13 plan and adequate protection payments

This matter having brought before this Court on an Objection To Confirmation filed by William E. Craig, Esq., attorney for Credit Acceptance Corporation ("Credit Acceptance"), with the appearance of Thomas G. Egner, Esquire on behalf of the Debtor, and this Order having been filed with the Court and served upon the Debtor and his attorney under the seven day rule with no objections having been received as to the form or entry of the Order and for good cause shown, it is hereby

**ORDERED:**

1. That Credit Acceptance is the holder of a first purchase money security interest encumbering 2009 Honda CR-V bearing vehicle identification number 3CZRE38319G702954.

2. That the secured amount that Credit Acceptance shall be paid through the Debtor's plan shall be $9,308.74. This amount is reached using the agreed value of the vehicle of $8,025.00, amortized at 6.0% over 60 months.

3. That the Chapter 13 Trustee is hereby directed to make an immediate lump sum adequate protection payment to Credit Acceptance in the amount of $226.00 through July 2018 and thereafter, each month, commencing August 2018, make monthly adequate protection payments to Credit Acceptance in the amount of $113.00. Adequate protection payments to Credit Acceptance shall be made monthly up to and after confirmation, until all counsel fees have been paid and regular distributions begin to be made to Credit Acceptance. If in any month there are insufficient funds on hand to pay both counsel fees and adequate protection payments, then funds on hand shall be used to pay adequate protection payments first, with the remaining balance going to counsel fees. If, after confirmation, counsel fees remain to be paid, then adequate protection payments shall continue to be paid to Credit Acceptance until the remaining counsel fees have been paid. The Debtor shall receive a credit for all adequate protection payments made against the total amount to be received by Credit Acceptance through the plan.

4. That Credit Acceptance shall retain its lien on the vehicle until the earlier of payment of the underlying debt under non-bankruptcy law, or the Debtor receiving a discharge.

United States Bankruptcy Court
District of New Jersey

In re:  
Kenny E. Welch, Sr.  
    Debtor

Case No. 18-19727-ABA  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0312-1     User: admin     Page 1 of 1     Date Rcvd: Aug 31, 2018  
                      Form ID: pdf903     Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 02, 2018.  
db        +Kenny E. Welch, Sr.,    220 South Lenola Rd.,    Apt. 206,    Maple Shade, NJ 08052-1511

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.    TOTAL: 0

        ***** BYPASSED RECIPIENTS *****  
NONE.    TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 02, 2018                        Signature: /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 31, 2018 at the address(es) listed below:  
        Isabel C. Balboa    ecfmail@standingtrustee.com, summarymail@standingtrustee.com  
        John R. Morton, Jr.   on behalf of Creditor   Credit Acceptance Corporation  
        ecfmail@mortoncraig.com, mortoncraigecf@gmail.com  
        Rebecca Ann Solarz    on behalf of Creditor   Ditech Financial, LLC. rsolarz@kmllawgroup.com  
        Thomas G. Egner    on behalf of Debtor Kenny E. Welch, Sr. tegner@mcdowelllegal.com,  
        kgresh@mcdowelllegal.com;djamison@mcdowelllegal.com;lwood@mcdowelllegal.com;cgetz@mcdowelllegal.com;mfunk@mcdowelllegal.com  
        U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov  
        TOTAL: 5